11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Fermin Rodriguez

Appellant

Vs.  Nos. 11-01-00035-CR, 11-01-00036-CR, &
11-01-00037-CR B Appeals from Dallas County

State of Texas

Appellee

 

Appellant
was indicted in each of the three causes for aggravated robbery against three
different victims.  The three cases were
tried together.  The jury found
appellant guilty of aggravated robbery in each case; and, after finding that
appellant had been convicted of prior felonies alleged for enhancement, the
jury assessed appellant=s punishment at confinement for 37 years in each case.  The three sentences run concurrently.  Appellant appeals each conviction.  We affirm the judgment of conviction in each
of the three cases.

Two of the
robbery victims, Azucena Miranda[1]
and Isaac Gonzales,[2]
identified appellant and codefendant, Isaac Padilla,[3]
as the persons who entered the kitchen of Azucena=s house and robbed each victim. 
Both victims testified that Padilla had a gun and that he placed the gun
against the head of each victim and took money, jewelry, and a cell phone from
the victims.  Gonzales gave Padilla $600
in cash. Both victims testified that they were frightened and in fear of losing
their lives.  Both Azucena and Gonzales
identified appellant as one of the robbers. 
While Padilla was robbing the two victims in the kitchen, appellant went
to the bedrooms in the house.  Appellant
returned to the kitchen and told Padilla that it was time for them to
leave.  When the robbers left the house,
Gonzales testified that appellant was driving a white Mustang.  Azucena immediately called the police, who
arrived within minutes.  The victims
gave the police a description of the robbers, and Gonzales told the officers
that the robbers were driving a white Mustang.








Several
police officers testified regarding the pursuit of the white Mustang and the
arrest of Padilla and appellant.  While
officers were attempting to stop the white Mustang, the suspects threw a loaded
gun and a cell phone out of the car. 
There was testimony that, during the chase by the officers, appellant
was driving the white Mustang.  When the
car was stopped and appellant and Padilla were arrested, an officer testified
that he found $393 in appellant=s hands and the same amount in Padilla=s pocket, plus another $100 bill in appellant=s pocket.

Azucena
testified that the cell phone recovered by the officers was the cell phone
taken by the robbers.  Azucena also
identified some of her jewelry that the officers recovered at the time of the
arrest.  Azucena identified the gun
recovered by the officers as being the gun that was held to her head during the
robbery by Padilla and appellant.

Joanna
Miranda,[4]
the 16-year-old daughter of Azucena, testified that she was asleep in a bedroom
in the house when appellant came into her room.  Appellant told her to give him her money and jewelry.  While he did not have a gun, appellant
threatened her, and she was afraid that she would be hurt or killed.  Appellant threatened Joanna by telling her
to lie on the floor Abecause
the other guy had the gun.@  Joanna did not see the other
guy.

Codefendant
Padilla testified that appellant, Padilla=s uncle, did not participate in the robbery.  Padilla stated that he and Jose Mendez or Morales robbed the
victims.  Padilla admitted having a gun
but denied pointing it directly at Gonzales or Azucena.  Padilla testified that Mendez drove the car
away from the robbery, that Mendez was dropped off at an apartment, and that
Padilla then picked up appellant. 
Padilla testified that appellant had nothing to do with the
robbery.  Padilla claimed that the
police officers were lying when they said that appellant had the same amount of
money as Padilla.

Appellant
asserts in his third and fourth issues that the evidence was not legally or
factually sufficient to support his convictions of the aggravated robbery of
Azucena Miranda and Isaac Gonzales.  In
his first and second issues, appellant asserts that the evidence was legally or
factually insufficient to prove that he Aused@ a deadly weapon in the robbery of Joanna
Miranda.








In
determining if the evidence is legally insufficient, this court must review all
of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In determining whether the evidence is
factually sufficient, this court must review all of the evidence to determine
if the verdict is so against the great weight of the evidence as to be clearly
wrong or unjust.  Clewis v. State, 922
S.W.2d 126 (Tex.Cr.App.1996).

TEX. PENAL
CODE ANN. ' 29.03(a)(2) (Vernon 1994) states that a
person commits AAggravated Robbery@ if the person commits robbery as defined in
TEX. PENIAL CODE ANN. ' 29.02
(Vernon 1994), and the person Auses or exhibits a deadly weapon.@  Section 29.02(a)(2)  provides that a person commits robbery if,
in the course of committing theft, the person intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death. 

The jury
charge authorized the jury to convict appellant as either a primary actor or a
party to the robberies.  TEX. PENAL CODE
ANN. ' 7.02(a)(2) (Vernon 1994) provides that a
person is criminally responsible for an offense committed by the conduct of
another if, Aacting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense.@

In
determining whether an individual is a party to an offense, the court may look
to events occurring before, during, and after the commission of the offense and
may rely on actions of the defendant which show an understanding and common
design to do the prohibited act. 
Circumstantial evidence may be used to prove party status.  Ransom v. State, 920 S.W.2d 288
(Tex.Cr.App.1994).

The
evidence is both legally and factually sufficient to prove that appellant was a
party to the aggravated robbery of Azucena Miranda and Isaac Gonzales.  Appellant=s issues three and four are overruled.

Appellant
contends that the evidence was legally and factually insufficient to prove that
he Aused@ a deadly weapon in the robbery of Joanna.  We disagree.  The Court of
Criminal Appeals recently said in McCain v. State, 22 S.W.3d 497, 503
(Tex.Cr.App.2000), that:

[T]he determining factor is that the deadly
weapon was Aused@ in facilitating the underlying crime.  See Patterson v. State, 769 S.W.2d 938, 941
(Tex.Crim.App.1989).  (Emphasis in
original)








The record
shows that appellant and Padilla entered the house to rob the victims.  Padilla had the gun in the kitchen and
pointed it at Azucena and Gonzales. 
Appellant was checking the bedrooms when he discovered Joanna.  He told her to give him her money.  Appellant threatened Joanna.  Joanna thought that appellant was going to
kill her.  Appellant told her to lie
down.  Joanna did not see a gun, but
appellant told her Athe
other guy had the gun.@  Here, appellant made a verbal reference to
the gun.  Appellant told Joanna to lie
down Abecause the other guy had the gun.@ (Emphasis added)  The evidence
was legally and factually sufficient to prove that the gun was used Ain facilitating@ the robbery.  Appellant=s first and second issues are overruled.

The
judgments of the trial court are affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

October 25, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCloud, S.J.[5]











[1]Azucena Miranda was named as the robbery victim in
Cause No. 11-01-00035-CR.





[2]Isaac Gonzales was named as the robbery victim in Cause
No. 11-01-00036-CR.





[3]Isaac Padilla pleaded guilty before the jury.





[4]Joanna Miranda was named as the robbery victim in Cause
No. 11-01-00037-CR.





[5]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.